HAL REILAND (S.B. #144240)
6160 Stoneridge Mall Rd. #120
Pleasanton, California 94588
Telephone: (925) 400-3300
hal@reilandlaw.com

Attorney for Defendant California Fairs Financing Authority, A California Joint Powers Authority; 50th District Agricultural Association, A state institution of the State of California

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PNC EQUIPMENT FINANCE, LLC, a Delaware limited liability company, as successor to NATIONAL CITY COMMERCIAL CAPITAL CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA FAIRS FINANCING AUTHORITY, a California joint powers authority, et al.,<br><br>Defendants.<br><br>And Related Cross-Actions | Case No. 2:11-CV-06248-MMM-DTB<br><br>ANSWER BY DEFENDANTS CALIFORNIA FAIRS FINANCING AUTHORITY AND THE 50TH DISTRICT AGRICULTURAL ASSOCIATION |

Defendants California Fairs Financing Authority ("CFFA") and the 50th District Agriculture Association ("50th," collectively "Defendants") in answer to the First Amended Complaint ("FAC") filed by Plaintiff PNC EQUIPMENT FINANCE, LLC, a Delaware limited liability company, as successor to NATIONAL CITY COMMERCIAL CAPITAL CORPORATION ("PNC" or "Plaintiff") admits, denies and alleges as follows:

1. Defendants are not required to respond to the legal conclusions contained in Paragraph 1. Defendants deny that they are a "citizen" of the State of California, but admit that they are formed and existing under the laws of the State of California, and its principal place of business is located in the State of California. Defendants deny that the amount in controversy

exceeds $75,000.00. Defendants lack sufficient knowledge, information and belief as to the truthfulness of the remaining factual allegations contained in Paragraph 1 to respond, and thus denies such remaining allegations.

2. Paragraph 2 contains conclusory allegations regarding venue to which no response is required. To the extent a response is required, 50th admits that its principal place of business is located in this district, and that personal property that appears to be the subject of this action is located in this district. Defendants lack sufficient knowledge, information and belief as to the truthfulness of the remaining factual allegations contained in Paragraph 2 to respond, and thus denies such remaining allegations.

3. Defendants lack sufficient knowledge, information and belief as to the truthfulness of the factual allegations contained in Paragraph 3 to respond, and thus deny such allegations.

4. In response to Paragraph 4 of the FAC, CFFA admits that it is a joint powers authority existing under the Joint Exercise Powers Act that conducts business throughout the state of California. Except as expressly so admitted, CFFA denies the remaining allegations of Paragraph 4. 50th lacks sufficient knowledge, information and belief as to the truthfulness of the factual allegations contained in Paragraph 4 to respond, and thus denies such allegations.

5. In response to the allegations in Paragraph 5, 50th admits that it is a District Agricultural Association organized and existing under the laws of the State of California, with its principal place of business in the State of California. Defendant denies the remaining allegations contained in Paragraph 5. CFFA lacks sufficient knowledge, information and belief as to the truthfulness of the factual allegations contained in Paragraph 5 to respond, and thus denies such allegations.

6. Defendants lack sufficient knowledge, information and belief as to the truthfulness of the factual allegations contained in Paragraph 6 to respond, and thus deny such allegations.

7. Defendants lack sufficient knowledge, information and belief as to the truthfulness of the factual allegations contained in Paragraph 7 to respond, and thus deny such

REILAND/LAW
6160 Stoneridge Mall Rd. Ste. 120
Pleasanton, CA 94588
925-400-3300

1 allegations.

2     8. In response to the allegations in Paragraph 8, Defendants admit that Exhibit 1 is attached to the FAC, which document speaks for itself. Defendants deny the allegations which attempt to characterize that document in a manner contrary to its terms or consisting of legal conclusions. Further, 50th was not a party to that alleged agreement and lacks sufficient knowledge, information and belief as to the truthfulness of the factual allegations regarding it, and accordingly denies the remaining allegations contained in Paragraph 8. CFFA admits that its representative executed a "Master Photovoltaic Equipment Lease-Purchase Agreement" on or about June 2, 2006. Except as expressly admitted above, CFFA denies the remaining allegations of paragraph 8.

    9. In response to the allegations in Paragraph 9, they consist of legal conclusions or characterizations that do not require a response. To the extent a response is required, the terms of the document, attached as Exhibit 1 to the FAC, speak for itself. The 50th was not a party to that alleged document and is without sufficient knowledge or information to form a belief as to the allegations made regarding it, and accordingly denies the remaining allegations contained in Paragraph 9. Defendants allege that any Use Agreement referred to in Paragraph 9 speaks for itself. As for the allegation related to the security interest, CFFA denies that a first priority interest exists as to the Use Agreement and User Fees. As for the balance of paragraph 9, defendant is without sufficient knowledge or information to form a belief as to the other "Authorized Users", "User Fees", the rights of National City under the Financing Lease and on that basis denies each and every allegation therein.

    10. In response to the allegations in Paragraphs 10 and 11, Defendants admit that Exhibit 2 is attached to the FAC and this document speaks for itself. Except as expressly admitted, Defendants deny the remaining allegations contained in Paragraphs 10 and 11.

    11. In response to the allegations in Paragraphs 12 through 14, Defendants admit that Exhibit 3 is attached to the FAC and this document speaks for itself. Defendants deny the allegations which attempt to characterize that document in a manner contrary to its terms or consisting of legal conclusions. Defendants admit that its representative executed a

REILAND/LAW
6160 Stoneridge Mall Rd. Ste. 120
Pleasanton, CA 94588
925-400-3300

REILAND/LAW
6160 Stoneridge Mall Rd. Ste. 120
Pleasanton, CA 94588
925-400-3300

"Photovoltaic Use Agreement" on or about July 27, 2006. 50th admits that photovoltaic equipment was installed at its fairgrounds and is being used for that purpose but does not admit it is the same equipment as provided in the "Use Agreement". The 50th denies that the amount claimed in paragraph 12 is correct or that the interest is payable. The 50th denies that CFFA pledged the Use Agreement to National City including the "User Fees". The 50th denies that the "50th DAA Equipment" was installed, for its use and was accepted by the 50th DAA. (Paragraph 14). Except as expressly admitted, Defendants deny the remaining allegations contained in Paragraphs 12 through 14.

12. In response to the allegations in Paragraph 15, Defendants lack sufficient knowledge, information and belief as to the truthfulness of the factual allegations contained in Paragraph 15 to respond, and thus deny such allegations.

13. In response to the allegations in Paragraphs 16 through 18, 50th lacks sufficient knowledge, information and belief as to the truthfulness of the factual allegations contained in Paragraphs 16 through 18 to respond, and thus deny such allegations. CFFA admits that its representative executed a "Photovoltaic Use Agreement" on or about August 24, 2006. Defendants admit that Exhibit 4 is attached to the FAC and this document speaks for itself. Defendants deny the allegations which attempt to characterize that document and the "Master Photovoltaic Equipment Lease-Purchase Agreement" in a manner contrary to its terms or consisting of legal conclusions. CFFA denies that photovoltaic equipment was installed at the 37th DAA's fairgrounds and is being used by the 37th DAA as provided in the schedules. CFFA denies that it pledged to National City all of its rights and interest under the Use Agreements to National City, including User Fees. CFFA denies that the 37th DAA Equipment as scheduled is what was installed at Santa Maria Fairpark. CFFA denies that the amount claimed to be financed is correct. Except as expressly admitted, Defendants deny the remaining allegations contained in Paragraphs 16 through 18.

14. In response to the allegations in Paragraphs 19 through 23, 50th lacks sufficient knowledge, information and belief as to the truthfulness of the factual allegations contained in Paragraphs 19 through 23 to respond, and thus deny such allegations. CFFA admits that its

-4-
**ANSWER**
CASE NO. 2:11-CV-06248-MMM-DTB

1  representative executed a "Photovoltaic Use Agreement" on or about September 28, 2006.
2  Defendants admit that Exhibits 5 and 6 are attached to the FAC and these documents speak for
3  themselves. Defendants deny the allegations which attempt to characterize Exhibits 5 and 6
4  and the "Master Photovoltaic Equipment Lease-Purchase Agreement" in a manner contrary to
5  its terms or consisting of legal conclusions. CFFA denies that photovoltaic equipment was
6  installed at NOS's fairgrounds and is being used by NOS as provided in the schedules. CFFA
7  denies that it pledged to National City all of its rights and interest under the Use Agreements to
8  National City, including User Fees. CFFA denies that NOS Equipment as scheduled is what
9  was installed at NOS. CFFA denies that the amount claimed to be financed is correct. Except
10 as expressly admitted, Defendants deny the remaining allegations contained in Paragraphs 19
11 through 23.
12     15.    In response to the allegations in Paragraph 24, Defendants lack sufficient
13 knowledge, information and belief as to the truthfulness of the factual allegations contained in
14 Paragraph 24 to respond, and thus deny such allegations.
15     16.    In response to paragraphs 25 and 26 of the FAC, CFFA denies the claim in so far
16 as CFFA has collected payments and is holding them in a segregated account pursuant to the
17 terms of the Financing Lease. The 50th lacks sufficient knowledge, information and belief as
18 to the truthfulness of the factual allegations contained in Paragraphs 25 and 26 to respond, and
19 thus deny such allegations. CFFA denies that National City has the rights claimed under the
20 Use Agreements or according to code. Defendants deny the allegations which attempt to
21 characterize the documents mentioned therein in a manner contrary to their terms or consisting
22 of legal conclusions. Except as expressly admitted, Defendants deny the remaining allegations
23 contained in Paragraphs 25 and 26.
24     17.    The response to paragraph 27 incorporates by reference the responses set forth
25 above and are denied and admitted as indicated above.
26     18.    In response to paragraphs 28 through 32, CFFA denies that National City has
27 performed all of their obligations pursuant to the Financing Lease and the 50th Use Agreement.
28 CFFA and 50th deny that National City has the right to collect from the 50th DAA. The 50th

REILAND/LAW
6160 Stoneridge Mall Rd. Ste. 120
Pleasanton, CA 94588
925-400-3300

1  denies that it has not paid CFFA pursuant to the Use Agreement. The 50th denies that it is
2  obligated to pay User Fees to National City. CFFA and the 50th deny that there is a default by
3  CFFA or that any amounts are owed by the 50th to National City under the Use Agreement or
4  the Financing Lease. The 50th and CFFA deny that National City has the right to enforce the
5  Use Agreement against the 50th. The 50th admits receiving correspondence from Plaintiff(s) on
6  or about May 9, 2011. Defendants deny the allegations which attempt to characterize the
7  documents mentioned therein in a manner contrary to their terms or consisting of legal
8  conclusions. Defendants deny that National City is entitled to attorney fees and costs. Except
9  as expressly admitted, Defendants deny the remaining allegations contained in Paragraphs 28
10 and 32.

11       19.     The response to paragraph 33 incorporates by reference the responses set forth
12 above.

13       20.     Defendants deny the allegations of paragraphs 34 and 35 except that the 50th
14 DAA disputes the contention that the 50th DAA is required to make payments to National City
15 under the Use Agreement.

16       21.     The response to paragraph 36 incorporates by reference the responses set forth
17 above.

18       22.     In response to paragraphs 37 through 41, 50th lacks sufficient knowledge,
19 information, and belief as to the truthfulness of the factual allegations contained in Paragraphs
20 37 through 41 to respond, and thus deny such allegations. Defendants deny the allegations
21 which attempt to characterize the documents mentioned therein in a manner contrary to their
22 terms or consisting of legal conclusions. CFFA denies that the 37th DAA is obligated to
23 National City or that the 37th DAA is obligated in any way to make payments to National City
24 under the 37th Use Agreement. CFFA denies that the 37th is obligated under the Finance Lease
25 to National City. CFFA denies that National City has any rights at this time under the Use
26 Agreements or to the User Fees. Defendants deny that National City is entitled to attorney fees
27 and costs. Except as expressly admitted, Defendants deny the remaining allegations contained
28 in Paragraphs 37 and 41.

23. The response to paragraph 42 incorporates by reference the responses set forth above.

24. In response to paragraphs 43 through 44, 50th lacks sufficient knowledge, information and belief as to the truthfulness of the factual allegations contained in Paragraphs 43 through 44 to respond, and thus deny such allegations. CFFA disputes the contention that the 37th DAA is required to make payments to National City under the Use Agreement or that National is entitled to User Fees. CFFA denies the allegations of paragraphs 43 through 44.

25. The response to paragraph 45 incorporates by reference the responses set forth above.

26. In response to paragraphs 46 through 50, 50th lacks sufficient knowledge, information and belief as to the truthfulness of the factual allegations contained in Paragraphs 46 through 50 to respond, and thus deny such allegations. CFFA denies the allegations which attempt to characterize the documents mentioned therein in a manner contrary to their terms or consisting of legal conclusions. CFFA denies that the NOS is obligated to National City or that NOS is obligated in any way to make payments to National City under the NOS Use Agreement. CFFA denies that NOS is obligated under the Finance Lease to National City. CFFA denies that National City has any rights at this time under the Use Agreements or to the User Fees. Defendants deny that National City is entitled to attorney fees and costs. CFFA denies the remaining allegations of paragraphs 46 through 50.

27. The response to paragraph 51 incorporates by reference the responses set forth above.

28. In response to paragraphs 52 through 53, 50th lacks sufficient knowledge, information and belief as to the truthfulness of the factual allegations contained in Paragraphs 52 through 53 to respond, and thus denies such allegations. CFFA disputes the contention that NOS is required to make payments to National City under the Use Agreement or that National is entitled to User Fees. CFFA denies the allegations of paragraphs 52 through 53.

29. The response to paragraph 54 incorporates by reference the responses set forth above.

30. In response to paragraphs 55 through 57, 50th lacks sufficient knowledge, information and belief as to the truthfulness of the factual allegations contained in Paragraphs 55 through 57 to respond, and thus deny such allegations. CFFA denies that it has interfered with National City's right to collect User Fees and directing the fairs not to pay National City User Fees. CFFA denies that National City has rights at this time under the Use Agreements. CFFA denies the allegations of paragraphs 55 through 57.

31. The response to paragraph 58 incorporates by reference the responses set forth above.

32. In response to paragraphs 59 through 67, CFFA lacks sufficient knowledge, information and belief as to the truthfulness of the factual allegations contained in Paragraphs 55 through 57 to respond, and thus deny such allegations. The 50th denies that CFAA defaulted under the Financing Lease because it has no direct knowledge of that fact. The 50th denies that National City has any rights to enforce the User Agreements or to demand payments be made directly to National City. The 50th denies that National City has performed under the Financing Lease or the Use Agreement if any is required. The 50th denies that CFFA has performed all of its obligations under the Use Agreement. 50th admits receiving correspondence from Plaintiff(s) on or about May 9, 2011. The 50th denies that it owes any amounts under the Use Agreements to National City. The 50th lacks specific knowledge of the claim made by National City to the Claim Board as alleged in the complaint. The 50th denies that any amounts are owed National City as alleged in paragraph 63. The 50th denies any obligation to pay any amounts to National City under the Use Agreement. The 50th denies that it has breached the Use Agreement. The 50th denies that any of the amounts stated in paragraph 66 are due and owing to National City. Defendants deny the allegations which attempt to characterize the documents mentioned therein in a manner contrary to their terms or consisting of legal conclusions. Defendants deny that National City is entitled to attorney fees and costs. Except as expressly admitted, Defendants deny the remaining allegations contained in Paragraphs 59 and 67.

33. Defendants lack sufficient knowledge, information and belief as to the

REILAND/LAW
6160 Stoneridge Mall Rd. Ste. 120
Pleasanton, CA 94588
925-400-3300

truthfulness of the factual allegations contained in Paragraphs 68 through 87 to respond, and thus deny such allegations.

34. The response to paragraph 88 incorporates by reference the responses set forth above.

35. In response to paragraphs 89 through 93 of the FAC, the 50th lacks sufficient knowledge, information and belief as to the truthfulness of the factual allegations contained in Paragraphs 89 through 93 to respond, and thus denies such allegations. CFFA denies that National City has performed all of its obligations under the Financing Lease. CFFA denies that it has breached the Financing Lease and if it has its failure to preform has been excused or waived. CFFA denies specific knowledge related to the claim submitted to the Claim Board and any specific amounts. CFFA has no knowledge of the running of the time limit as to the Claim Board claim. CFFA denies the amounts owed as asserted are equal to $757,653.66 for the time period stated. Except as expressly admitted, Defendants deny the remaining allegations contained in Paragraphs 89 through 93.

36. In response to the prayer for relief paragraphs 1 through 12 of the FAC, the defendants lack sufficient knowledge, information and belief as to the truthfulness of the factual allegations and thus denies such allegations.

## AFFIRMATIVE DEFENSES

37. **AS A FIRST SEPARATE AND AFFIRMATIVE DEFENSE** to Plaintiff's FAC, Defendants allege that the FAC fails to state facts sufficient to constitute a claim for relief.

38. **AS A SECOND SEPARATE AND AFFIRMATIVE DEFENSE** to Plaintiff's FAC, Defendants allege that Plaintiff violated California's Tort Claims Act by filing suit prior to receipt of Defendants' response to Plaintiff's Tort Claim.

39. **AS A THIRD SEPARATE AND AFFIRMATIVE DEFENSE** to Plaintiff's FAC Defendants allege that Plaintiff's claims for relief in this action are barred on the ground that it failed to exhaust its administrative remedies.

REILAND/LAW
6160 Stoneridge Mall Rd. Ste. 120
Pleasanton, CA 94588
925-400-3300

40. **AS A FOURTH SEPARATE AND AFFIRMATIVE DEFENSE** to Plaintiff's FAC, Defendants allege that Plaintiff has failed to mitigate any damages it allegedly lost or suffered.

41. **AS A FIFTH SEPARATE AND AFFIRMATIVE DEFENSE** to Plaintiff's FAC, Defendants allege that Plaintiff was not a party to any Use Agreement upon which it is suing and therefore Plaintiff is not entitled to attorney's fees nor payment under any such contract.

42. **AS A SIXTH SEPARATE AND AFFIRMATIVE DEFENSE** to Plaintiff's FAC, Defendants allege Plaintiff has unclean hands and is not eligible for the equitable relief sought.

43. **AS A SEVENTH SEPARATE AND AFFIRMATIVE DEFENSE** to Plaintiff's FAC, Defendants allege Plaintiff has remedies at law available to it so that it is not eligible for the equitable relief it seeks.

44. **AS AN EIGHTH SEPARATE AND AFFIRMATIVE DEFENSE** to Plaintiff's FAC, Defendants allege that they are immune from liability for any actions alleged in the FAC by reason of the statutory immunities contained in California Government Code, Title I, Division 3.6, Part 2, Sections 810, et seq., including but not limited to Sections 815, 815.2(b), 818, 818.8, 820(b), 820.2, 820.4, 820.6, 820.8, 821 and 821.6.

45. **AS A NINTH SEPARATE AND AFFIRMATIVE DEFENSE** to Plaintiff's FAC, Defendants allege that Plaintiff's claims for relief herein are moot, and are not yet ripe for adjudication.

46. **AS A TENTH, SEPARATE AND AFFIRMATIVE DEFENSE** to Plaintiff's FAC, Defendants submit that any wrongdoing alleged in the FAC was caused solely by the acts or omissions of other parties, persons, or entities (or their servants, agents, representatives, or employees), none of whom are agencies or employees of Defendants, and for whom Defendants has no responsibility.

47.     **AS AN ELEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE** to Plaintiff's FAC, Defendants allege that Plaintiff is estopped from obtaining the relief sought herein by its own conduct.

48.     **AS A TWELFTH, SEPARATE AND AFFIRMATIVE** DEFENSE to Plaintiff's FAC, Defendants allege that Plaintiff's claims are barred by all applicable statutes of limitation.

49.     **AS A THIRTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE** to Plaintiff's FAC, Defendants allege that it presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available. Defendants reserve the right to assert additional defenses in the event that discovery indicates that doing so would be appropriate.

50.     **AS A FOURTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE** to Plaintiff's FAC, the 50th DAA alleges that it has paid all amounts claimed by Plaintiff's to CFFA and therefore is not in breach of the Use Agreement and is not liable to Plaintiff's for any amounts.

51.     **AS A FIFTHTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE** to Plaintiff's FAC, the 50th DAA and CFFA allege that National City it has paid all amounts claimed by Plaintiff's to CFFA and therefore is not in breach of the Use Agreement and is not liable to Plaintiff's for any amounts.

52.     **AS A SIXTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE** to Plaintiff's FAC, the 50th DAA alleges that there is a lack of consideration as to the equipment it was to receive but did not receive.

53.     **AS A SEVENTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE** to Plaintiff's FAC, the 50th DAA and CFFA allege that National City has waived the alleged breach of contract.

REILAND/LAW
6160 Stoneridge Mall Rd. Ste. 120
Pleasanton, CA 94588
925-400-3300

54.   **AS A EIGHTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE** to Plaintiff's FAC, the 50th DAA and CFFA allege that there is a lack of consent as to the agreement because of a lack of consent pursuant to Cal. Civ. Code Sec. 1567, Sec. 1579.

55.   **AS A NINETEENTH, SEPARATE AND AFFIRMATIVE DEFENSE** to Plaintiff's FAC, the 50th DAA is entitled to an offset for the amounts it has paid under the Use Agreements.

56.   **AS A TWENTIETH, SEPARATE AND AFFIRMATIVE DEFENSE** to Plaintiff's FAC, the 50th DAA and CFFA allege that plaintiff has tortuously interfered with the Use Agreement by and between CFFA and the 50th DAA.

**WHEREFORE**, Defendants CFFA and 50th pray judgment:

1. That Plaintiff takes nothing by reason of its FAC on file herein against these answering Defendants;

2. For Defendants attorney fees and costs according to proof and as allowed by statute or contract;

3. For Defendants' cost of suit herein incurred; and

4. For such other further relief as the Court may deem proper.

Dated: April 5, 2012

REILAND LAW

By: _____
Hal Reiland
Attorney for Defendant California Fairs Financing Authority, A California Joint Powers Authority; 50th District Agricultural Association, A state institution of the State of California

-12-
ANSWER
CASE NO. 2:11-CV-06248-MMM-DTB